# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY CLARET ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-5844** |
| **PORT RICHEY AUTOMOTIVE MANAGEMENT, LLC ET AL.** | **SECTION: "H"(3)** |

## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendants have failed to adequately allege diversity their Notice of Removal. Accordingly, Defendants shall amend their Notice of Removal to correct this jurisdictional defect within 20 days of the entry of this Order or the case will be remanded for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiffs Nancy Claret and John Kanuch filed their Complaint in the Civil District Court for the Parish of Orleans on April 24, 2018. Defendants removed the matter to this Court on June 12, 2018, invoking this Court's

diversity jurisdiction under 28 U.S.C. § 1332.[1] The Notice of Removal alleges that Plaintiffs are domiciliaries of Louisiana.[2]

## **LAW AND ANALYSIS**

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[3] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[4] Cases arising under § 1332 require, *inter alia,* complete diversity of citizenship.[5] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[6] In this matter, the burden of proving complete diversity lies with Defendants.[7] To carry this burden, Defendants must "distinctly and affirmatively allege [ ] the citizenship of the parties."[8]

The manner in which a court determines the citizenship of juridical persons varies. A corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located.[9] Non-corporate entities, however, do not acquire state citizenship independent of the entity's owners.[10] Therefore, in order for a Court to determine the citizenship of an unincorporated association, such as a

---

[1] Doc. 1.
[2] Doc. 1 at 5–6.
[3] Lane v. Halliburton*,* 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih*,* 369 F.3d 457, 460 (5th Cir. 2004)).
[4] *See* 28 U.S.C. § 1332.
[5] Stiftung v. Plains Mktg., L.P.*,* 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[6] McClaughlin v. Miss. Power Co.*,* 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[7] *See* Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*,* 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).
[8] Howery v. Allstate Ins. Co.*,* 243 F .3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).
[9] 28 U.S.C. § 1332(c)(1).
[10] Carden v. Arkoma Assoc., 494 U.S. 185, 188–89 (1990).

partnership, it must look to the citizenship of all the partners.[11] Similarly, the "citizenship of a LLC is determined by the citizenship of all of its members."[12]

Defendants have failed to properly plead the citizenship of Defendant Port Richey Automotive Management, LLC. The Notice of Removal alleges that Defendant Port Richey Automotive Management, LLC is comprised of members LCM Investment Holdings II, LLC and Brett A. Morgan Automotive Investment Trust, est. July 15, 2005. It further alleges that LCM Investments Holdings II, LLC has members LCM Management II, Inc.; Greenbriar MAG Investments, LLC; and three trusts. The Notice does not, however, allege the identity or citizenship of the members of Greenbriar MAG Investments, LLC. Therefore the allegations of citizenship of Port Richey Automotive Management, LLC are incomplete.

Furthermore, for each of the four separate trusts identified thus far in the membership of Defendant Port Richey Automotive Management, LLC, Defendants only allege that each trust is "organized under the laws of the State of Florida and . . . maintains its principal place of business/residency/domicile in the State of Florida."[13]

> Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. *Klein v. Bryer*, 227 Md. 473, 476–477, 177 A.2d 412, 413 (1962); Restatement (Second) of Trusts § 2 (1957). Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. *Glenn v. Allison*, 58 Md. 527, 529 (1882); *Deveaux*, 5 Cranch, at 91. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. *Navarro*, 446 U.S., at 462–466, 100 S. Ct. 1779.[14]

---

[11] *Id.* at 195–96.
[12] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).
[13] *See* Doc. 1 at 6–7.
[14] Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016).

However, when a business trust is sued in its organizational name, its citizenship is determined in the same way as any other unincorporated association, that is, by the citizenship of its members.[15]

Defendants here have alleged that the trusts themselves, rather than any trustees, are members of Defendant Port Richey Automotive Management, LLC and LCM Investment Holdings II, LLC. Without more information about the laws under which the trusts are organized, it therefore appears at this point that the trusts should be regarded as unincorporated associations and their citizenship taken from the citizenship of their members. Defendants have failed to allege the identity or citizenship of the members, that is the beneficiaries, of the trusts. Even if the trusts were not regarded as unincorporated associations, Defendants have also failed to allege the identity and citizenship of the trustees of the trusts.

## **CONCLUSION**

Because Defendants' Notice of Removal fails to adequately allege jurisdiction, the Court ORDERS that Defendants amend their Notice of Removal within 20 days of the entry of this Order to properly allege jurisdiction or the case will be remanded for lack of subject matter jurisdiction.

Furthermore, the Court will DEFER consideration of Plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint (Doc. 5) until such time as the jurisdiction of this Court over this matter has been established.

---

[15] *Id.* at 1017; Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24, 866 F.3d 351, 357 (5th Cir. 2017).

4

New Orleans, Louisiana this 14th day of June, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**