UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NANCY CLARET ET AL.                         CIVIL ACTION

VERSUS                                      NO: 18-5844

PORT RICHEY AUTOMOTIVE                      SECTION: "H"(3)
MANAGEMENT, LLC ET AL.


## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendants have again failed to adequately allege diversity in their Amended Petition for Removal. Accordingly, the case is REMANDED for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiffs Nancy Claret and John Kanuch filed their Complaint in the Civil District Court for the Parish of Orleans on April 24, 2018. Defendants removed the matter to this Court on June 12, 2018, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[1] Defendant's Notice of Removal

---

[1] Doc. 1.

alleged that Plaintiffs are domiciliaries of Louisiana but failed to properly allege the citizenship of various limited liability companies and trusts comprising the membership of Defendant Port Richey Automotive Management, LLC.[2] This Court explained that an LLC or partnership is a citizen of every state of which a member is a citizen. The Court ordered that Defendants amend their Notice of Removal to properly allege the complete citizenship of all defendants within 20 days or the case would be remanded.[3]

Defendants filed their Amended Petition for Removal on July 2, 2018.[4] The Amended Petition for Removal alleges the citizenship of the trustees and beneficiaries of various trusts that are members of Defendant Port Richey Automotive Management, LLC. The Amended Petition for Removal further alleges that one of the members of Port Richey Automotive Management, LLC is LCM Investments Holdings II, LLC. One of the members of that entity is Greenbriar MAG Investments, LLC. Greenbriar MAG Investments, LLC is comprised of three members: a natural person domiciled in Michigan, Greenbriar MAG Holdings, LLC, and Union Lake Auto Partnership, L.P. The members of Greenbriar MAG Holdings, LLC are a natural person domiciled in Connecticut and three limited partnerships. Defendants do not allege the membership or citizenship of either Union Lake Auto Partnership, L.P. or the three limited partnerships that are members of Greenbriar MAG Holdings, LLC.

---

[2] *See* Doc. 1 at 5–6.
[3] Doc. 6.
[4] Doc. 7.

## LAW AND ANALYSIS

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[5] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[6] Cases arising under § 1332 require, *inter alia,* complete diversity of citizenship.[7] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[8] In this matter, the burden of proving complete diversity lies with Defendants.[9] To carry this burden, Defendants must "distinctly and affirmatively allege [ ] the citizenship of the parties."[10]

The manner in which a court determines the citizenship of juridical persons varies. A corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located.[11] Non-corporate entities, however, do not acquire state citizenship independent of the entity's owners.[12] Therefore, in order for a Court to determine the citizenship of an unincorporated association, such as a partnership, it must look to the citizenship of all the partners.[13] That rule extends to limited partners in a limited partnership.[14] Similarly, the "citizenship of a LLC is determined by the citizenship of all of its members."[15]

---

[5] Lane v. Halliburton*,* 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih*,* 369 F.3d 457, 460 (5th Cir. 2004)).
[6] *See* 28 U.S.C. § 1332.
[7] Stiftung v. Plains Mktg., L.P.*,* 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[8] McClaughlin v. Miss. Power Co.*,* 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[9] *See* Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*,* 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).
[10] Howery v. Allstate Ins. Co.*,* 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).
[11] 28 U.S.C. § 1332(c)(1).
[12] Carden v. Arkoma Assoc., 494 U.S. 185, 188–89 (1990).
[13] *Id.* at 195–96.
[14] *Id.* at 195.
[15] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

Defendants have again failed to properly plead the citizenship of Defendant Port Richey Automotive Management, LLC. The Amended Petition for Removal fails to allege the identity or citizenship of the members of Union Lake Auto Partnership, L.P. and the three limited partnerships that are members of Greenbriar MAG Holdings, LLC: Greenbriar Equity Fund III AIV MM DIR, L.P.; Greenbriar MAG Holdings Carry, L.P.; and Greenbriar Coinvestment Partners III, L.P. That any of these entities take a limited role in managing the unincorporated associations of which they are members is irrelevant to the question of those associations' citizenship.[16]

Furthermore, this Court finds that granting additional time for Defendants to amend their Amended Petition for Removal and correct the defect would be futile. Defendants assert that "for privacy interests" the membership of the limited partnerships listed above are "not subject to disclosure."[17] The Court respects Defendants' decision to remain private, but in doing so, Defendants cannot meet their burden to establish that this Court has jurisdiction over this case. Accordingly, the case is REMANDED to the court from which it was removed.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the case is REMANDED to the Civil District Court for the Parish of Orleans.

---

[16] *See Carden*, 494 U.S. at 192 (holding that considerations of the degree of control over an association by some members "have played no part in our decisions").
[17] Doc. 7 at 8–10.

New Orleans, Louisiana this 20th day of July, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**